STEPHEN DESNOYER, Appellant, *vs.* McDONALD, GEISSE & Co., Respondents.

### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Desnoyer was sued with others, as copartners and stockholders in a Steamboat Company, and upon the trial, the Plaintiffs dismissed as to one Defendant, Moody, and stated that the Defendant Jenkins had not been served with process in the action. The jury returned a verdict in the following form: "The jury in the above case" (giving the title,) "return a verdict for the Plaintiff in the sum of one thousand dollars. *N. B. O. F. Jenkins and Joseph Moody excepted in above action.*" *Held,* that the verdict was clear and intelligible, and in strict conformity with the matters submitted to the jury.

A much less degree of diligence is required on the part of a Plaintiff to find a paper that belongs to his adversary, to entitle him to prove its contents, than will be exacted when he seeks to prove the contents of a paper belonging to himself.

Where a party was advised by his Attorney, that his cause would not be reached within a certain time, and relying upon such advice, he had left the Court House, and the cause was tried within the time named, and the judgment taken upon default,—the bare fact that he was so misled will not entitle him to a new trial.

In the absence of proof concerning the foreign rate of interest, it is presumed to be the same as our own; but if it is different, and the Defendant wants any advantage from it, he must prove it.

Points and authorities of Appellant :

The court below erred in refusing to grant a new trial for the following reasons :

*First.*—Because the verdict of the jury in said cause was irregular and should have been set aside on that ground.

*Second.*—The Judge erred in admitting secondary evidence of the contents of the several instruments referred to in the pleadings in said action, and in the bill of exceptions mentioned. See *Greenleaf on Evidence, Sec.* 88 ; 3 *Starkey's Evidence,* 389, 390 ; *Cowen & Hill,* notes to *Phillips on Ev.* note 225, *part* 2 ; *do* note 226, 229, *part* 2 ; *McNeely vs. Ruckee,* 6 *Black.* 391 ; *Ruckee vs. McNeely,* 5 *Black.* 123, 145 ; *Waldbridge vs. Wilkins,* 3 *How.* (*Miss.*) 360 ; 2 *Graham & Waterman on New Trials,* 629–30 *et seq.*

*Third.*—The Judge erred in refusing a new trial to Defendant, on ground of surprise against which ordinary prudence could not guard.

Points and authorities of Respondent :

*First.*—The testimony shows that Desnoyer was a member

of the Saint Anthony Falls Steamboat Company. It was unnecessary to prove that he had ever signed the articles of association.

*Second.*—The testimony was sufficient to warrant the jury in finding that the Defendant Desnoyer did sign and execute the articles.

*Third.*—Secondary evidence was admitted to prove only the contents of the articles of association of the company, and of the power of attorney from the company to the Defendant Gilbert. In each case it was properly admitted.

1. Sufficient diligence on the part of the Plaintiffs to procure the original papers was shown.

2. The papers were proved, and from their character, must be presumed to be in the possession of the Defendants. Less effort to procure them was therefore required to be shown on the part of Plaintiffs.

3. The objection taken to the introduction of this evidence, was in behalf of all of the Defendants jointly, and if not good as to all, was properly overruled, even though it might have been well taken as to some of the Defendants, had it been taken by them separately.

4. It clearly was not well taken in reference to the articles of association, in behalf of the Defendants Fridley, Gilbert and Chase, for notice to produce them had been duly served upon their attorneys.

5. In reference to the Defendant Gilbert's power of attorney, it surely was not well taken in his behalf, he having been served with a subpoena *duces tecum* to produce the papers.

*Fourth.*—The Defendant Desnoyer could not possibly be prejudiced by the introduction of this secondary evidence. All that was established by such evidence, was already admitted by Desnoyer by his answer. *Comp. Stat. p. 543, Sec.* 88.

*Fifth.*—The affidavit of the Defendant Desnoyer discloses nothing which entitled him to a new trial, nor even to the favorable consideration of the court.

1. Instead of showing accident or surprise which ordinary prudence could not guard against, it discloses gross negligence on his part.

2. This court will review this question (if at all) with *great*

caution, as the court below, from the nature of the point must be better able to judge of its force than a court of review can possibly be.

*Sixth.*—There is nothing irregular in the form or substance of the verdict. *Vide folio* 37 *of case.*

*Seventh.*—If the verdict were irregular or insufficient in form, it is not ground for a new trial.

WM. HOLLINSHEAD & H. J. HORN, Counsel for Appellant.

BRISBIN & BIGELOW, Counsel for Respondents.

*By the Court.*—FLANDRAU, J. This action was brought upon two promissory notes for $500 each against the Defendants as members, stockholders and copartners of the "St. Anthony Falls Steamboat Company." The notes were at six and nine months, and by them the "Steamboat Falls City or owners promise to pay," etc., and they were signed by the Captain and Clerk of the boat, both members of the Association. The case was tried and the Plaintiff had a verdict against all the Defendants except Jenkins and Moody against whom he had dismissed for reason. The appeal from the order refusing a new trial is brought by the Defendant Desnoyer, and he complains that the verdict was irregular in form. That the Judge erred in admitting secondary evidence of the contents of certain papers used on the trial; and because the Judge refused a new trial on their showing of surprise at the trial.

The verdict was in this form. First, the title of the cause, then, "The jury in the above case return a verdict for the Plaintiff in the sum of one thousand dollars. N. B. O. F. Jenkins and Joseph Moody excepted in the above action.

"O. ROGERS, Foreman."

The Plaintiff having previous to the retiring of the jury stated that he had not procured service upon Jenkins, and that he had not appeared, and that he had dismissed as to Moody, and did not ask a verdict against either. We cannot see any irregularity in the verdict, but on the other hand think it is quite clear and intelligible, and in strict conformity with the matters submitted to the jury.

65

In regard to the foundation that was laid for the secondary evidence of the contents of the articles of association of the Company, the Plaintiff's Attorney proved that he once had them, and delivered them to Mr. Cornell, an attorney residing at Minneapolis adjacent to the place of business of the association, who was attorney for some of the Defendants in this action, that he had called on him, and his partner had searched the office thoroughly for the paper, but had not been able to find it. That Mr. Cornell had told him that if he did not have the paper, Mr. Lawrence had, who was also attorney for some of the Defendants. That he thereupon served notice to produce it, upon Lawrence.

The paper being the property of the Defendants and not the Plaintiff, and the presumption being that it was in their possession, it seems to me the Plaintiff did all that possibly could be expected of him to trace up the paper; he followed it until he traced it into the hands of Mr. Lawrence, and then called upon him to bring it into court. Very much less diligence is required on the part of a Plaintiff to find a paper that belongs to his adversary to entitle him to prove its contents, than will be exacted when he seeks to prove the contents of a paper belonging to himself. In the former case, if the Defendant is not satisfied with the secondary evidence, he can always produce the paper and have it introduced, but in the latter, the opportunities for fraud in destroying or losing papers expressly to leave their contents resting in the memory of witnesses is so great that courts are rigorous in finding out all about the loss before allowing the secondary proof to be made.

The same remarks are equally applicable to the proof that was offered concerning the power of attorney from the Company to Gilbert. The Plaintiff had done all he could to produce it. He had served a subpoena *duces tecum* on Gilbert by leaving it at his residence, not being able to find him, and called upon all the Defendants in court to produce the paper if they had it. The presumption clearly was that the power remained in the hands of Gilbert, and if not in fact it would naturally have passed to the Company or the Defendants. There was no error in allowing proof of its contents under these circumstances.

The only remaining question made by the Appellant, is, that he was surprised by circumstances which ordinary prudence could not have guarded against. In support of this point the affidavit of the Defendant Desnoyer was read stating that the cause was set down for trial in the court below for Wednesday the twenty-first day of September, 1859, and that he was present and ready for trial on that day, but the court was engaged in the trial of another cause, and that his counsel informed him that the cause then on would take the balance of the week, upon which information he left the court and went to his farm distant about fifty miles to see to his crops, etc., and did not return until the next Saturday; that the cause was called on Friday morning and tried that day, and that he would have sworn he never was a member of the company, etc.

If such facts as these would justify a court in allowing a new trial, there would be very little dependence to be placed upon verdicts, and it would put it in the power of a party at any time to relieve himself from the operation of one against him. It is almost almost always the case that a party is called from his home and his ordinary business when he has the misfortune to be sued, and in the very nature of business the trial of a cause in the District Court is attended with delays and trouble; every one must wait his turn to be heard, and I have never known it to be held a good excuse for not being present, that a party had business at home. Mr. Desnoyer took his counsel's advice as to the time the cause then on would consume in trying, and if he was mistaken, I cannot see how the Plaintiff should be prejudiced by it. Every lawyer knows that the greatest uncertainty exists as to the time which any cause will take in trying. So many emergencies may arise to cut it short that it is almost impossible to form any correct idea about it. If Mr. Desnoyer's Attorney, who gave him the advice, had made an affidavit showing the nature of the cause on trial, and such facts as would render it probable that his expectations as to its duration were well founded, it would have made the case much stronger, but as the court below had as good an opportunity to judge of these facts as the counsel, having tried the cause, we are bound to suppose that it held the advice

given as unauthorized by the facts of the case ; and we being utterly ignorant of the whole matter, cannot undertake to review its action.

The Plaintiff insists that the Defendant Desnoyer had by his answer admitted all the facts which were proven in the case by the secondary evidence above discussed, and whether it was properly or improperly admitted, he cannot complain. As we think the testimony was properly received, it is unnecessary to decide whether a judgment could have passed against him on admissions in his answer of facts that were denied by the other Defendants.

The Plaintiff excepted to that part of the Judge's charge which instructed the jury "that the Plaintiff having failed to allege or prove on the trial the legal rate of interest in the State of Ohio, where the contracts alleged in the complaint were made, they were entitled to recover, if at all, only the principal sum claimed," etc. And the Plaintiff asks us now to allow him this interest.

The court was clearly in error in this part of its charge. The law in such cases, is, that in the absence of proof concerning the foreign rate of interest, it is presumed to be the same as our own, but if it is different, and the Defendant wants any advantage from it, he must prove it. This point was directly decided at this term by us in the case of *Cooper & Lavely vs. Reaney. See also Leavenworth vs. Brockway*, 2 *Hill.* 201; *Forsyth vs. Baxter*, 2 *Scammon Ill. Rep.* 9 ; *Allen vs. Watson*, 2 *Hill, South Carolina Rep.* 319–322 ; *Brown vs. Gracy*, 16 *Eng. Com. Law. Rep.* 426. The appeal however does not permit us to correct the error, and allow the Plaintiff to have judgment for the interest. The appeal only brings up the order and not the judgment. All we can do is to affirm the order.

Order affirmed.