Hill *v.* Howell.

Amanda J. Hill

*v.*

Robert H. Howell et al.

A mortgage on lands was given in 1864, payable in two years, with interest at six per cent. The mortgagor conveyed the lands to Smith in 1868, subject to the mortgage. Smith sold and conveyed parts of the lands by warranty deeds, as follows: 1. To McCarter, by deed without date, but acknowledged May 30th, 1868, delivered June 2d, 1868, and recorded June 2d, 1868. 2. To Morford, by deed dated May 27th, 1868, delivered May 30th, 1868, and recorded September 22d, 1868. 3. To Swayze, by deed dated May 30th, 1868, delivered May 30th, 1868, and recorded July 31st, 1868. 4. To Howell, by deed dated June 3d, 1868, acknowledged June 13th, 1868, and recorded June 25th, 1868. 5. To McCarter, by deed in 1869. 6. To Swayze, by deed in 1870. The mortgagee, in April, 1872, released the *fourth* tract from the lien of the mortgage. During 1868, the mortgagor's grantee, Smith, by writing endorsed on the bond, agreed to pay interest thereon at the rate of seven per cent. thereafter.—*Held,*

(1) That as the mortgagee had actual notice and knowledge of the first, second and third conveyances at the time when she released the fourth from the encumbrance of her mortgage, she must, before resorting to the first, second and third tracts, on foreclosure, credit those tracts with the value of the tract released, and that value must be estimated as of 1872, when the release was given, although the tract released was then worth less than it was in 1868, when the deed for it was given.

(2) That as the pleadings raise no question touching the competency of the mortgagee when she executed the release, or attacking its validity, evidence pertaining thereto is irrelevant and cannot be considered.

(3) That, in establishing the liability of 1, 2 and 3 respectively, as McCarter (1) had no notice of the conveyances to Morford (2) and Swayze (3), although both 2 and 3 preceded 1, and neither 2 nor 3 was recorded within the statutory limit of fifteen days, 1 is entitled to priority over 2 and 3. That as there is no competent evidence as to whether 2 or 3 was delivered first, the date must control and be taken as the time of delivery. Hence, 2 has priority over 3, but if 3 was, in fact, delivered before 2, its preference was lost by its not having been recorded within fifteen days after its delivery, and its being actually recorded before 2 will not restore its priority.

(4) The agreement of the mortgagor's grantee, Smith, to pay interest on the mortgage, at seven per cent., having been made after the mortgage debt was due, is valid and binding on his grantees, although never recorded.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. A. C. Hopkins*, for complainant.

*Mr. L. Van Blarcom* and *Mr. Joseph Coult*, for estate of Jacob L. Swayze, deceased.

*Mr. Thomas Kays*, for Theo. Morford and others.

*Mr. R. T. Johnson*, for Jas. G. Roberts.

THE CHANCELLOR.

This suit is brought for foreclosure and sale of mortgaged premises (containing about one hundred acres) in Sussex county. The complainant's mortgage is dated April 1st, 1864, and was given by Robert H. Howell and wife to Susan Rorbach, now deceased, to secure the payment of $6,000 (of which $1,000 have been paid) in two years from date, with interest at the rate of six per cent. per annum, according to his bond to her of that date. Susan Rorbach died January 9th, 1873. Her executors assigned the bond and mortgage, on the 7th of April, in the same year, to Luther Hill, who died soon afterwards, and they were subsequently assigned by his administrators to the complainant. Howell conveyed the mortgaged premises to Dr. Franklin Smith, subject to the mortgage, by deed dated March 10th, 1868. Smith, in that year, conveyed parts of the property as follows : To John McCarter, a tract of nineteen and one-fourth acres, by deed without date, but acknowledged on the

NOTE.—That a release by a mortgagee with notice of subsequent encumbrances, also releases the premises from the lien of intermediate encumbrances, has been frequently decided in this state, *Mickle* v. *Rambo, Sax. 501 ; Johnson* v. *Olcott, 4 Hal. Ch. 561 ; Gaskill* v. *Sine, 2 Beas. 400 ; Hoy* v. *Bramhall, 4 C. E. Gr. 563 ; Stillman* v. *Stillman, 6 C. E. Gr. 126 ; Mount* v. *Potts, 8 C. E. Gr. 188 ;* and by the following recent decisions elsewhere, *Kendall* v. *Niebuhr, 58 How. Pr. 156, 87 N. Y. 1 ; Van Slyke* v. *Van Loan, 26 Hun 344 ; Taylor* v. *Wing, 84 N. Y. 471 ; Bernhardt* v. *Lymburner, 85 N. Y. 172 ; Warner* v. *De Witt Bank, 4 Bradw. 305 ; Hawhe* v. *Snydaker, 86 Ill. 197 ; Meacham* v. *Steele, 93 Ill. 135 ; Darst* v. *Bates, 95 Ill. 493 ; Kelley* v. *Whitney, 45 Wis.*

Hill *v.* Howell.

30th of May, 1868, delivered on the 2d of June following, and recorded on that day ; to Theodore Morford, a lot of five acres, by deed dated May 27th, 1868, delivered on the 30th of May, and recorded on the 22d of September following; to Jacob L. Swayze, a tract of twenty-six and eighty-two hundredths acres, by deed dated May 30th, 1868, and delivered on that day, and recorded on the 31st of July following; and to Robert H. Howell, a lot of four acres, by deed dated June 3d, 1868, acknowledged on the 13th and recorded on the 25th of that month. All these were warranty deeds. In 1869, he conveyed another part of the property, a lot of about four acres, to John McCarter, and in 1870 he conveyed another part, a lot of three acres, or thereabouts, to Jacob L. Swayze. Susan Rorbach, the mortgagee, in April, 1872, released to Howell, from the operation of the mortgage, the lot conveyed, as before mentioned, by Smith to him in June, 1868. The release is dated and was recorded in that month. Some time in 1868 (the mortgage was then past due) Smith, by writing endorsed on the bond, agreed to pay interest at the rate of seven per cent. per annum from that date. The foregoing facts are all that enter into the consideration of the questions submitted on the hearing. It is therefore unnecessary to state the subsequent conveyances of the McCarter and Swayze lots. Only one of the grantees in those conveyances (James G. Roberts, who claims under McCarter) has answered.

The questions presented are, first, whether the complainant is not bound in equity to credit, as against the tracts conveyed to McCarter, Morford and Swayze respectively, in 1868, the value

110; *Dewey* v. *Ingersoll, 42 Mich. 17; Benton* v. *Nicoll, 24 Minn. 221; McIlvain* v. *Mutual Assurance Co., 93 Pa. St. 30.*

The valuation of the part released, it has been held, must be fixed by its value at the time when the mortgage was given, *Stevens* v. *Cooper, 1 Johns. Ch. 425; 2 Jones on Mort. ? 1627; Johnson* v. *Williams, 4 Minn. 260; Parkman* v. *Welch, 19 Pick. 231.*

In *Stillman* v. *Stillman, 6 C. E. Gr. 126,* after mortgaged premises had been conveyed in two parcels, and the mortgagee released the second parcel, its value was determined by the date of its transfer.

In *Iglehart* v. *Wesson, 42 Ill. 261, 272,* by the date of the release.

Hill v. Howell.

·of the released premises, it being claimed that the mortgagee had, when the release was given, full notice of those convey-, ances; and, second, what is the order of liability of those tracts to pay the mortgage. As to the first question: To raise the ·equity claimed to arise from the release, it must be established that the mortgagee had, at the time when the release was made, actual notice of the previous conveyances. The proof establishes that fact. The only evidence on the subject is the testimony of Dr. Smith. He speaks of a conversation he had with the mortgagee, which he swears took place within a year from the time when he acquired the property—that is, prior to March 10th, 1869—in which he says she spoke of the conveyances he had made of parts of the mortgaged premises, and he mentioned to her the names of those to whom he had conveyed. He says he mentioned McCarter, Morford and Swayze, and, he thinks Howell. He further swears that the conversation took place before he made the last conveyance to Swayze, which was in April, 1870. The release is dated in April, 1872. It is quite clear from his testimony on the subject that the mortgagee had, long before she gave the release, notice of the conveyances made in 1868 to McCarter, Morford and Swayze. It is urged on ·behalf of the complainant, however, that there is evidence of her want of capacity, at that time, to execute the release. It is ·enough to say that the bill seeks no relief against the release, and there is no issue in the suit raising a question as to her ·competency, or as to the validity of the release, and therefore the evidence on the subject is irrelevant. As to the value of the

The agreement to pay an increased legal rate of interest after the maturity of the mortgage, binds the parties thereto, *Lewis* v. *Conover, 6 C. E. Gr. 231; Havens* v. *Jones, 45 Mich. 253; Austin* v. *Bainter, 50 Ill. 308;* see *Eslava* v. *Lepetre, 21 Ala. 504; Harrison* v. *Stewart, 3 C. E. Gr. 452;* and also subsequent encumbrancers, *Van Doren* v. *Dickerson, 6 Stew. Eq. 391; Conover* v. *Van Mater, 3 C. E. Gr. 488;* or purchasers of the premises, *Haggerty* v. *Allaire Works, 5 Sandf. 230; Ritter* v. *Phillips, 53 N. Y. 586.*

Where the record of a mortgage did not disclose the rate of interest secured ·by such mortgage, a second mortgagee was held bound only by the legal rate, *Whittacre* v. *Fuller, 4 Minn. 515.* See *Ackens* v. *Winston, 7 C. E. Gr. 444; Richards* v. *Holmes, 18 How. 143.*—REP.

released property: It was sold by Smith to Howell for $4,000, but there were about four years between the date of the deed and the giving of the release, and the amount to be credited is the value at the latter time. The weight of the evidence on the subject is, that in the spring of 1872 the value was $3,500. That amount must be credited as of the date of the release, before recourse is had to the land conveyed to McCarter, Swayze and Morford respectively, in 1868, for they were all entitled to be postponed to the Howell lot in payment of the mortgage. The deed to McCarter is prior in date, and was recorded within the statutory fifteen days, and Howell had notice, when he took his deed, of the conveyances to Swayze and Morford. ·

As to the other question: This is to be decided by the application of the established and familiar principle, that when mortgaged premises are alienated in parcels the burden of the mortgage is to be borne by the parcels in the inverse order of alienation. The priority of alienation is to be determined by the law of registration. *Sanborn* v. *Adair, 2 Stew. Eq. 338.* The deed to McCarter is without date; that to Morford is dated May 27th, 1868, and the deed to Swayze, May 30th in the same year. They were all acknowledged on the 30th. The deed to McCarter was not delivered until the 2d of June, 1868; those to Swayze and Morford were delivered on the 30th of May, 1868. Swayze swears that his deed was delivered to him on that day, and Morford testifies that he thinks his was delivered on the 30th of May. That he is probably correct, appears from the fact that a mortgage which he gave for part of the purchase-money was recorded on the 30th of May. His deed was not recorded until the 22d of September following. The deed to Swayze was recorded on the 31st of July, 1868. It will be seen that neither Morford's nor Swayze's deed was recorded within fifteen days from the time of its delivery, while McCarter's was recorded on the same day on which it was delivered. Neither of these parties had any notice of the conveyance to either of the others when his deed was delivered. Each knew, indeed, that Smith had agreed to convey to the others respectively the land subsequently conveyed to them in pursuance of such agreement

but neither of them had any notice of the conveyance thereof. It is urged, on behalf of the owners of the Swayze lot, that he had taken possession of it and fenced it before any of the deeds were delivered, and that, therefore, McCarter and Morford had notice of the conveyance to him, but this proposition cannot be maintained, for the obvious reason that his possession and alleged acts of ownership were not evidence of a conveyance. Had McCarter and Morford inquired as to his claim to the property they would have found, not that he had title, but at most, that he had a verbal agreement for a conveyance and had been let into possession under it, and had exercised and perhaps still was exercising ownership over the property. It is also urged that Morford had notice of the conveyance to Swayze by the fact that Morford, who drew his own deed, described his land as bounded in part by land sold to Jacob L. Swayze, referring to the land conveyed by Smith to Swayze by the deed of May 30th. But it is enough to say that the land had not then (May 27th) been conveyed to Swayze, and was not conveyed to him until three days afterwards. On the other hand there is no proof of notice to Swayze of the deed to Morford. Swayze, indeed, says that Smith, when he delivered his deed to him, told him he had Morford's deed also, but that was not notice of a conveyance, for none had then been made—the deed had not then been delivered. McCarter having had no notice of the conveyances to Morford and Swayze, both of which preceded his, is entitled to preference over them, seeing that neither of them was recorded within the fifteen days. As to the deed to Swayze, there is no competent evidence that it was delivered before Morford's. Swayze, indeed, as before stated, swears that Smith, when he delivered his deed to him, said he had Morford's deed also, but does not say that he saw the deed to Morford. Dr. Smith has no recollection on the subject. He says he has no recollection of the delivery of either deed. Clearly, the fact that Dr. Smith told Swayze that he had Morford's deed is not competent, as against Morford, to prove that the deed to the latter had not then been delivered. There is no competent evidence as to which deed was delivered first, and, in the absence of proof, the date will be taken as the

Hill *v.* Howell.

time of delivery, and in that case Morford is entitled to priority over Swayze. But if Swayze's deed was in fact delivered before Morford's, it lost its preference over the latter by his failure to record it within fifteen days from the time of its delivery; Morford having had no notice of its existence. And, although it was recorded before Morford's, that did not restore the preference. *Sanborn* v. *Adair, supra.* Morford swears explicitly that when his deed was delivered to him he had no knowledge of the deeds to McCarter and Swayze, or either of them. It may be observed, in reference to the argument of the counsel for Swayze's estate on the subject of notice from possession, that the facts which would be notice of the right of a party to claim a conveyance, as against a grantee of the owner of land, are obviously not notice of an actual alienation. The order of liability, as between the three lots under consideration to pay the mortgage, will be as follows: first, the Swayze lot, next the Morford lot, and lastly the McCarter lot. The lots conveyed to McCarter and Swayze respectively, in 1869 and 1870, are liable before those three lots, or any of them. It is not suggested, nor does it appear, that there will be any difficulty in determining the order of liability as between the present owners of the McCarter lot; that matter will therefore be referred to the master. None of those owners has answered, except Roberts.

A question was suggested as to whether the agreement by Smith to pay interest, at the rate of seven per cent. instead of six, is binding on his grantees, and those who hold or claim under them, seeing that the agreement was not recorded. It is binding on them. *Conover* v. *Van Mater, 3 C. E. Gr. 481.* When the mortgage was given the legal rate was six per cent. It was changed to seven in 1866, and that rate continued till 1878. The mortgage was past due when the agreement for the higher rate was made.