This is on bill to quiet title with an answer and cross-bill, asserting the right of the defendant to foreclose a blanket mortgage on four lots of a tract of about six hundred lots owned by the complainant. *Page 213 
The facts as stated in the brief and admitted at the argument are practically as follows:
The complainant, Empire Trust Company, is a corporation organized and existing under the laws of the State of New York, and having its principal office at No. 120 Broadway, borough of Manhattan, New York City, New York.
That heretofore and on or about the 8th day of May, 1911, one Josephine M. Brown, a widow, for the consideration therein mentioned, duly executed, acknowledged and delivered to Holland Security Company, a New York corporation, a certain mortgage for $20,000, dated on said 8th day of May, 1911, covering certain lands and premises then owned by said Josephine M. Brown, in the township of Eatontown, Monmouth county, New Jersey, therein fully described, and duly recorded in the office of the clerk of said Monmouth county, New Jersey, on the 12th day of May, 1911, in book 415 of mortgages, pages 443, c.
That said mortgage was duly given to secure payment of a certain bond of said Josephine M. Brown in the penal sum of $40,000 and conditioned for the payment of said sum of $20,000, on the 1st day of May, 1912, with interest at six per cent. per annum, payable semi-annually.
That said mortgage contained no release clause.
That thereafter and on or about the 27th day of August, 1920, said Holland Security Company, for a valuable consideration, duly assigned said mortgage and its accompanying bond to one Mabel A. Cooper, by an instrument in writing bearing date on that day and duly recorded in the office of the clerk of said Monmouth county, New Jersey, on the 6th day of February, 1922, in book 83 of assignments of mortgages, page 444.
That thereafter and on or about the 22d day of November, 1920, said Mabel A. Cooper further duly assigned said mortgage and its accompanying bond to the defendant, Empire Trust Company, by an instrument in writing bearing date on that day and duly recorded in the office of the clerk of said Monmouth county, New Jersey, on said 6th day of February, 1922, in book 83 of assignments of mortgages, page 446. *Page 214 
That the defendant, Empire Trust Company, is now the owner and holder of said mortgage and its accompanying bond, and that on the 16th day of August, 1922, there was due and unpaid thereon the principal sum of $20,000 and interest thereon at six per cent. from the 8th day of May, 1911, to said 16th day of August, 1922, amounting to $13,526.66, a total of $33,526.66.
That subsequently to the execution and delivery of said mortgage, and by certain deed dated the 21st day of October, 1911, acknowledged the 30th day of October, 1911, and recorded in the office of the clerk of said Monmouth county, New Jersey, on the 2d day of November, 1911, in book 915 of deeds, pages 170,c., said Josephine M. Brown, for a full valuable consideration, duly conveyed to the complainant, Ten Eyck R. Beardsley, a portion of the lands and premises described in said mortgage.
That said deed contained full covenants of warranty and seisin without mention of said mortgage, and that ever since the execution and delivery thereof the complainant, Ten Eyck R. Beardsley, has been in peaceable possession of the lands and premises therein described.
That subsequently to the execution and delivery of said deed, Surplus Assets Company, a New York corporation, became the owner of all the lands and premises described in said mortgage except that portion of same conveyed to the complainant, Ten Eyck R. Beardslay, and subject to an outstanding claim of ownership of another portion of same known as lot 35, in block 35.
That on the 16th day of August, 1922, the defendant, Empire Trust Company, duly executed and delivered to said Surplus Assets Company a release from the lien of its mortgage of all the lands and premises therein described except said portion of same conveyed to the complainant, Ten Eyck B. Beardsley, and said portion of same known as lot 35, in block 35.
That said release was duly recorded in the office of the clerk of said Monmouth county, New Jersey, in book 35 of releases of mortgages, page 421; that same was executed *Page 215 
and delivered without the consent of the complainant, Ten Eyck R. Beardsley, and that at the time of such execution and delivery, the defendant, Empire Trust Company, had actual knowledge of the conveyance made to the complainant, Ten Eyck R. Beardsley, by said Josephine M. Brown.
When the defendant released other property covered by this mortgage, did he release property in excess of the amount due on the mortgage? This is a question of fact, and, considering the testimony that was produced before me, I am impressed with the fact that in 1922, when the release was given, the lots released were in value in excess of the amount due at that time on the mortgage, which was approximately $33,000. The defendant company did not produce any evidence of sales in 1922, although it appears that their records in New York would have disclosed this evidence. Some testimony was given as to the values of the property in 1923, and the witnesses stated that the values had not increased, and say that the values in 1923 might reasonably be held to be those of 1922. Taking a conservative estimate of values from all the evidence that was presented before me, I believe that the property as released was in excess of the $33,000 due on the mortgage in 1922.
The legal question, then, is, should not the defendant be required to cancel the blanket mortgage on the four lots that were not released? In other words, having received the entire amount of its mortgage, can it be allowed to foreclose a mortgage of approximately $20,000 on four lots that were not relieved of this mortgage?
Hill v. Howell, 36 N.J. Eq. 25, holds: "If a mortgagee releases part of the mortgaged premises, the value of that part is to be credited upon the mortgage as of the date of the release, as to grantees of other parts, of whose conveyances the mortgagee had actual knowledge at the time of the release." I cannot find that the doctrine stated in this case has been modified.
My attention has been called also to Turner v. Ridge HeightsLand Co, 111 Atl. Rep. 675, and Souther v. Pearson,28 Atl. Rep. 450. While these cases are not exactly in *Page 216 
point, they sustain this general doctrine that a surety is released if the security be released.
Having received the full amount of its mortgaged debt in 1922, in my opinion, it would inequitable for this company to be permitted to foreclose on the four remaining lots, for any balance that it may claim on the mortgage.
I shall therefore advise a decree sustaining the contention of the complainant.