The bill is filed to foreclose a certificate of tax sale. The facts have been stipulated and the only question to be decided is whether or not several parcels of a tract of land assessed and sold in one parcel for taxes and later divided amongst several grantees of the original owner should, as to each parcel, bear its proportionate share of the tax burden. This question is answered in the affirmative. On behalf of the defendants, it is claimed that as two non-contiguous parcels already released by the complainant from the tax lien were of greater value than the total amount due on the certificate of tax sale, the lien on the unreleased parcels was lost. I cannot accede to that proposition. To so hold would be contrary to all equity and good conscience. Had the tax purchaser received from the owners of the parcels released the full amount due on his certificate of tax sale, that would, of course, have discharged the remaining portion; and if less than the fair proportion of the tax liens had been accepted for such release, the remaining unreleased portions would have been liable only for their respective shares of the tax burden in the proportion of the value of each to the whole. But it is conceded that upon the release of the two parcels the owners paid their fair proportionate share of the whole tax lien. Beardsley
v. Empire Trust Co., 96 N.J. Eq. 212, cited in support of defendants' contention is not applicable. The reason underlying that and similar decisions is that the releasor, as consideration for a release of a part of the premises subject to the lien has, or should have, received payment in full of his lien, and that, therefore, it would be inequitable to require such payment again. See Stuyvesant Security Co. v. Dreyer, 103 N.J. Eq. 457.
I will advise a decree accordingly. *Page 339