THE CITY OF BAYONNE, complainant-respondent,

*v.*

MORRIS & CUMINGS DREDGING COMPANY et al., defendants-appellants.

[Decided April 28th, 1933.]

On appeal from a decree of the court of chancery, in which Vice-Chancellor Fallon delivered the following opinion:

"My consideration of the matter *sub judice* actuates me in determining that the complainant is entitled to the relief prayed by it and that the relief sought by the defendants should be denied.

"It is plainly evident from the pleadings and proofs herein that the defendants attempt to question the validity of a tax sale through which the complainant derived its title to the property in question. Such they cannot do collaterally as is attempted in the instant case. The law courts afforded defendants ample remedy for the determination of questions of alleged illegal procedure relating to the tax sale of the property in question, mooted herein. Defendants neglected to avail themselves thereof. It appears from the proofs herein that the owners of record of the property in question were fully aware of the manner in which the property was assessed. If they considered themselves aggrieved by reason thereof, ample statutory remedies were afforded for the relief of their alleged grievances, upon resort thereto and ap-

propriate application therefor. Recourse may not be had to the court of chancery to remedy the alleged grievance. The matter of illegal assessment (if illegal it was) could have been remedied by application to the supreme court in *certiorari* proceedings therefor. Defendants could have obtained an apportionment of the property, for taxing purposes, if apportionment thereof was proper, upon application to the municipal authorities therefor, and if the municipal authorities refused to grant the desired apportionment the property owners (if they were entitled to such apportionment) could have resorted to the supreme court, in *mandamus* proceedings, to require the municipal authorities to make such apportionment. Furthermore, defendants might have sought recourse to the procedure prescribed by *P. L. 1925 p. 480,* but failed to do so, and in view thereof this court is required to strike out such part of defendants' answer as denies the validity of the tax, or the legality of the proceedings to sell, or the legality of the sale, and proceed as if no such defense had been interposed.

"Defendants' principal argument in the case *sub judice* is that they are entitled to an apportionment of the property in question herein, ostensibly in order that a portion only of said property may be redeemed. As stated in defendants' trial memorandum submitted to me: 'The only question involved is an apportionment of the tax valuation against a parcel already officially defined and separately valued during three of the five years involved in the present sale.' In defendants' trial memorandum it is said: 'Under the prayer of the bill as well as the terms of the statute which prescribes the procedure, we submit that it is the defendants' right to have the taxes apportioned and the equitable part thereof chargeable against each parcel determined and fixed as the amount to be paid in redemption.' I am not in accord with defendants' claim. The defendants have no right, in my judgment, to have the taxes apportioned in the case *sub judice.* Defendants claim that the tax sales were illegal. The court of chancery is without authority to determine such claim. The supreme court is the appropriate tribunal to determine

such claim. I will advise an order accordingly, and direct therein that an account be taken of what is due and owing to the complainant on account of the tax sale, and the subsequent taxes, water rents, recording fees, search fees and all legal expenses, authorized by law, and also that the defendants be ordered to pay what may be found to be due, together with costs of suit, at a time to be designated by the court in the decree for the payment thereof, and that in default thereof the defendants and all persons claiming by, through, or under them, be barred and foreclosed of and from all equity of redemption in or to said premises in said certificate of sale mentioned and described and every part thereof."

*Messrs. McDermott, Enright & Carpenter*, for the appellant.

*Mr. Alexander Seclow*, for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Fallon in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.