HENRY WEBER, complainant-appellant,

*v.*

WILL H. KELLER et al., defendants-respondents.

[Submitted May term, 1934—Decided October 5th, 1934.]

*Mr. Hugo Woerner,* for the complainant-appellant.

*Mr. Charles L. Hedden,* for the defendant-respondent.

The opinion of the court was delivered by

BODINE, J.

Complainant by his bill seeks to foreclose the right of redemption under four certificates of tax sale. Prior to 1931 the lands described were assessed as a single tract. The property had a frontage of approximately one hundred and eighty feet on Parker avenue, Maplewood, and ran back to a depth of three or four hundred feet. In 1931, and since, the property has been assessed as five separate lots numbered on the assessment map as lots 247, 247A, 248, 249 and 249A. Lot 248 is indicated as a street fifty feet wide, dividing the original plot from front to rear. Nos. 247 and 249 are the front lots on each side of the new street and extend back about half the entire depth. Nos. 247A and 249A are the rear

lots having no street access except by means of the new street as indicated.

The front lots are owned by the defendant Keller, while the rear lots are owned by defendant Eilenburg. Both defendants are owners as tenants in common of the lands referred to as a street.

The court of chancery held that Keller, desiring to redeem his lots, was entitled to have an apportionment made of the total amount due on the certificates of sale, so that he could obtain redemption of his lots by paying their fair proportion of the taxes for which the property was sold.

It is apparent from the record that the complainant refused to consent to the apportionment desired. Even if the defendant could have obtained relief in the law court (*City of Bayonne* v. *Morris & Cummings Dredging Co., 113 N. J. Eq. 116*), still the court of chancery will not grant relief to one who will not do equity. To require the owner of part of a parcel of land, desiring to redeem, to pay taxes upon the lands belonging to another in order to redeem his own, would be contrary to all equity and good conscience. *Wishner* v. *Nibur Realty Co., 106 N. J. Eq. 337*.

The decree is affirmed.

*For affirmance*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, KAYS, HETFIELD, DEAR, WELLS, JJ. 11.

*For reversal*—THE CHIEF-JUSTICE, PERSKIE, VAN BUSKIRK, JJ. 3.