NORTH JERSEY HOLDING COMPANY, a corporation, complainant-respondent,

*v.*

BERTHA L. SNOW et al., defendants-appellants.

[Submitted February term, 1941. Decided April 25th, 1941.]

*Messrs. Gross & Gross (Mr. Benjamin Gross* and *Mr. Bernard A. Green),* for the complainant-respondent.

*Mr. Hugh B. Reed* and *Mr. Robert D. Reynolds,* for the defendants-appellants.

The opinion of the court was delivered by

CASE, J.

Complainant filed its bill praying that an accounting be taken of the amount due under its tax sale certificate covering a tract (undivided in the assessment) referred to as Lots 7 and 8 of a designated block in the Township of Teaneck and that the defendants (the record owner of Lot No. 8, the record owners of Lot No. 7 and the mortgagee as to Lot No. 7, respectively) be directed to redeem by a short day or stand foreclosed. The decree determined the amount due, adjudged that complainant was entitled to recover the same and named a master to give notice and sit so that the defendants, if they

so desired, might attend, pay and redeem. Bertha L. Snow and Helma C. Rohl, owners of Lot No. 7, and Prudential Insurance Company, mortgagee thereon, appeal.

On June 29th, 1934, the collector of taxes of the Township of Teaneck sold the entire tract, consisting of Lots 7, 8, 9 and 10, for the unpaid taxes of 1932 and for further unpaid assessments due the township. Lots 9 and 10 were redeemed by interested parties who do not appear herein. In December of 1936 the township instituted proceedings to foreclose its tax sale certificate as to the remaining lands, viz., Lots 7 and 8, and brought in as a party the North Jersey Holding Company as mortgagee. That corporation, on January 18th, 1937, paid the township the money due to it and received, after some delay, the certificate and the assignment thereof, both of which it recorded forthwith, April 19th, 1937. The sum paid by the complainant to the township was $1,570.14, that being the amount demanded by the township (after the deductions made for releases of Lots 9 and 10 originally included in the certificate) plus taxes for the years 1933 to 1936, inclusive, the interest calculation on unpaid taxes and certain statutory fees.

Meanwhile, in January, 1937, the North Jersey Holding Company began foreclosure of its mortgage, without setting up the tax sale or its developments, and carried that proceeding to sheriff's sale, March 31st, 1937, whereat a corporation, known as Corporation Thirty-five, was the purchaser. The mortgage foreclosure sale was announced as "subject to any taxes and assessments and other municipal liens which might be due thereon at that time." Corporation Thirty-five conveyed Lot No. 7 to Snow and Rohl on May 1st, 1937, and the grantees mortgaged to Prudential Insurance Company on September 17th of that year. Corporation Thirty-five conveyed Lot No. 8 to Superior Holding Corporation on October 18th, 1937. The tax search officer of the Township of Teaneck made five certifications to the United States Mortgage and Title Guaranty Company (which for the purposes of the decision may be considered as acting for the appellants) dated, respectively, April 17th, 1937, May 12th, 1937, August 25th, 1937, October 22d, 1937, and December 31st, 1937.

The first four of those certificates showed a record clear of unpaid taxes, assessments and tax sales except minor installments of the 1937 tax. The certificate of December 31st, 1937, disclosed the sale to the township for 1932 taxes and the assignment of the tax sale certificate to North Jersey Holding Company on January 7th, 1937. The earlier omissions appear to have been due to errors in the tax records of the township in that the showing was as of a redemption of the property from the sale rather than an assignment of the certificate of tax sale to North Jersey Holding Company. The presently correct record carries indicia of the making of the correction, and it is a fair conclusion from the testimony that the notation of an assignment of the tax sale certificate now shown on the record was an insertion made after October 22d, 1937, and before December 31st of that year.

It is to be observed, first, that the complainant was in no way responsible for, had no knowledge of, and, so far as we can discover, was not chargeable with knowledge of, the error in the township record or the faulty search certificates issued thereon; and, second, that while it is a statutory provision, *R. S. 54:5-50,* that a purchaser may record his certificate of tax sale in the office of the clerk or register of deeds of the county and, *R. S. 54:5-51,* that when the certificate of tax sale is not made to the municipality, it shall, unless so recorded within three months of the date of sale, be void as against a *bona fide* purchaser, lessee or mortgagee whose deed, lease or mortgage is recorded before the recording of the certificate, there is no such condition imposed upon the validity of a certificate of sale to a municipality. There was no *laches* on the part of the complainant and no act or omission by which it should be estopped. Complainant was the mortgagee and as a person not primarily liable was within its rights (*R. S. 54:5-56*) in electing to succeed to the municipal lien which was prior to the lien of the mortgage and therefore not an encumbrance which due pleading required should be set up in the foreclosure bill. Complainant made clear to the municipal authorities that it was taking an assignment rather than effecting a redemption, as is evidenced by the contemporaneous letter from the attorney for the township and by

the assignment and certificate which were delivered after some delay caused, according to the testimony of the township attorney, by the pressure of conducting 2,400 simultaneous foreclosure suits, and which were recorded by the complainant as soon as received. The recording was perfected twelve days before Snow and Rohl took title. The sheriff's sale was cried "subject to any taxes and assessments and other municipal liens which might be due thereon at that time." The sheriff's deed to Corporation Thirty-five was in terms "subject to all unpaid taxes and assessments." The president of the purchaser corporation, in charge of its activities, testified that he knew, until the morning of the sale, that there were taxes due and, from conversations held with complainant's vice-president, that there was an outstanding tax sale certificate and that during February and March of 1937 he had had negotiations with that officer looking toward a liquidation of the tax sale certificate; but that on the day of sale he went to the tax office and was there *informed* that the taxes had been paid and the land redeemed. The statute, *R. S. 2:75-14,* gives relief to a purchaser of real estate at certain public sales when a reasonable description of a defect in title or of a lien or encumbrance has not been announced at the sale; but the purchaser, even where the act applies, must satisfy himself about the sufficiency of his title before he accepts delivery of deed. *Ruskin* v. *Monticello Building and Loan Association, 106 N. J. Law 286.*

It is argued for the appellants that they are innocent purchasers for value without notice of the alleged lien. That lack of notice, due to the failure of the township officers correctly to record and certify, does not deprive complainant of its statutory lien. Lacking a statutory direction for the recording of the certificate and assignment and any act or omission with respect thereto which would serve to raise an equity against complainant, we know of nothing in that respect to save the appellants from the application, under this judicial sale, of the ancient rule of *caveat emptor.* *Campbell* v. *Parker, 59 N. J. Eq. 342,* and cases cited; *Ruskin* v. *Monticello Building and Loan Association, supra.*

Appellants make the statement, without elaboration or argument, that the premises have been redeemed in full. We find

to the contrary. We are not concerned with whether or not the Township of Teaneck is liable for the mistakes of its officers.

It remains only to consider the amount adjudged due. The tax sale was under an undivided assessment against an entire tract of land embracing four lots. Lots 9 and 10 were redeemed and released in February and March of 1936. The transaction as to them was complete before the township prepared to foreclose the rights of redemption in the remaining lands. Those lots were not included in the notice of *lis pendens* filed by the township or in the assignment to complainant. What the relative shares of the remaining two lots, one against the other, was in that assessment we do not know. We must assume the validity of the tax upon which the sale was had and of the municipal lien, the proceedings to sell and the sale itself; otherwise the filing of the answer should have been followed by a stay in the Chancery proceedings and an application for writ of *certiorari* to review the legality. *R. S. 54:5-100/101.* The subject of jurisdiction is not presented in the briefs. In view of our conclusion on the whole case it is not necessary to pass upon the jurisdiction of Chancery to proceed on matters related to the strict statutory declaration; we reserve opinion thereon. Complainant proceeded, as it had the right to do, with the foreclosure of the redemption rights in the lands included within the tax certificate as assigned to it and brought in all parties interested in those remaining lands. Superior Holding Corporation, the record owner of Lot No. 8, did not appear. The owners of record and the mortgagee of record as to Lot No. 7 answered and put in their proofs on the issues drawn. Complainant was under the statutory obligation, *R. S. 54:5-99,* to pay all municipal liens subsequent to those for which the sale was held before it could enter a foreclosure decree on the certificate. It made those payments accordingly, and some of the payments were of liens, within that category, against No. 8. But the certificate came to complainant as a unit, and the foreclosure of the certificate was as of a unit. The complainant's original security, as mortgagee, embraced Lots 7 and 8. Those lots were pledged as a unit to the repayment of the mortgage. To maintain that security complainant was obliged

to preserve all parts of the land against alienation under the municipal lien. If the parties with redemption rights in one or the other parcel considered that they had opposing equities *inter sese* which they could assert against each other or even in modification, by way of subrogation, marshalling of assets or otherwise, of the complainant's decree, it was for them to frame their pleadings accordingly. We find no such issue drawn and no reference thereto in either the opinion below or the decree based thereon. Likewise as to the amount which the assignment recites as the consideration paid by the complainant to the municipality in payment of the municipal lien. That recital is obviously an error. But the proofs are clear as to the amount that was due the municipality on the lien and that it was that amount which complainant paid and which was the basis of the decree below. There is no dispute as to that. Appellants were not harmed by this further error on the part of the township officials.

The defenses presented by defendants in their answer below are, first, that complainant redeemed the property; second, that (a) complainant induced the sale to Corporation Thirty-five by concealment, (b) at the time of that sale there was no record of any unredeemed sale for taxes or of an assignment to complainant, and (c) Corporation Thirty-five and the defendants were innocent purchasers for value and without notice; third, complainant was estopped by failure to record its assignment and to announce it at the mortgage foreclosure sale; fourth, that the certificate of tax sale does not constitute a lien and the assignment was made without authority and is void. We have disposed of all the issues so presented except the charge that the assignment was made without authority, an allegation that lacks support in the proofs.

We find no error and therefore conclude that the decree below should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.