Some precursory statement is essential to exhibit the points debated at the argument of the present motion. On March 7th, 1941, the City of Trenton, possessing a tax sale certificate, filed a bill to foreclose the equity of redemption of those having an interest or estate in the premises described in the certificate. The City acquired the fee by virtue of a final decree made in that cause on September 23d 1941. Inadvertently, the City failed to include as defendants the personal representatives of one Maggie M. Howell who held a mortgage encumbrance upon a portion of the premises embraced by the certificate. The purpose of the present suit is to foreclose this subordinate lien. The defendants in their representative *Page 52 
capacities as administrators have filed an answer to the bill and also a counter-claim. The complainant challenges the sufficiency of the answer and the counter-claim. Rule 69.
The facts recounted in the pleadings expose the occasion for the present controversy. The plot of land encompassed by the tax sale certificate is 50 by 200 feet in size and known on the City atlas as lots 43, 126R, 311R and 312R. Two brick dwellings are situate on the premises and identified as Nos. 295 and 297 Rutherford Avenue. Additionally, there is a two-story brick garage standing partially to the rear of each dwelling and also two frame buildings located upon the rear of the premises. The mortgage of the defendants embraces only the lot known as No. 297 Rutherford Avenue which is 19 1/2 by 110 feet in dimension. The City has, as heretofore, assessed and levied a tax upon the entire area described in the certificate. Although the former owner and the defendants have importuned the proper officials of the City to apportion the tax among the plots apparently separate and distinct, such requests have been denied.
Moreover, in the former foreclosure suit a rent receiver was appointed whose receipts were in a substantial part derived from the tenancy of No. 297 which is the dwelling subject to the mortgage lien. In the face of these acknowledged facts, the complainant insists that the defendants must pay the tax lien upon the entire premises described in the certificate in order to redeem therefrom, the portion encumbered by their mortgage.
The defendants aver that in the existing circumstances they are entitled to have the tax apportioned and that the rents received by the complainant from No. 297 should be credited on such portion of the tax as may be separately levied upon the mortgaged premises. The defendants declare their readiness to immediately redeem the mortgaged premises from the tax lien, so adjusted. The defendants also express some doubt that they have an interest which entitles them to redeem the segment of the premises which is not amenable to the lien of their mortgage. R.S. 54:5-54.
The complainant asserts that the answer of the defendants is insufficient, fundamentally because the City incurs no duty to apportion *Page 53 
taxes in the absence of a subdivision of the tract upon which the tax is levied.
Counsel in their briefs have evidently ignored the statute enacted in 1925. P.L. 1925 ch. 202 p. 480, now R.S. 54:5-100,101, 102, 103. Broadly stated, this statute ordains that if in any proceeding in this court to foreclose a tax sale certificate, a defendant shall by answer aver the invalidity of the tax or impugn the legality of the proceedings to sell or the legality of the sale, the court shall stay the cause for the period of four months from the date of the filing of the answer and if within that time a writ of certiorari be allowed to review the alleged invalidity or illegality, the foreclosure proceedings shall be stayed until the writ shall have been discharged. Should the defendant fail to obtain such writ within the stated period, the court shall strike those averments of the answer and proceed as if no such defense had been interposed.
Perhaps it is supposed that the present controversy is not comprehended by the provisions of this statute. The sole problem debated in Bayonne v. Morris Cummings Dredging Co., 113 N.J. Eq. 116; 166 Atl. Rep. 174, related to the apportionment of the tax. The Vice-Chancellor stated (at p. 117):
"Furthermore, defendants might have sought recourse to the procedure prescribed by P.L. 1925 p. 480, but failed to do so, and in view thereof this court is required to strike out such part of defendants' answer as denies the validity of the tax, or the legality of the proceedings to sell, or the legality of the sale, and proceed as if no such defense had been interposed."
It is observed that the decree was unanimously affirmed by the Court of Errors and Appeals for the reasons stated in the opinion from which the above quotation is taken.
In North Jersey Holding Co. v. Snow, 129 N.J. Eq. 555;19 Atl. Rep. 2d 878, Mr. Justice Case remarked (at p. 561):
"What the relative shares of the remaining two lots, one against the other, was in that assessment we do not know. We must assume the validity of the tax upon which the sale *Page 54 
was had and of the municipal lien, the proceedings to sell and the sale itself; otherwise the filing of the answer should have been followed by a stay in the Chancery proceedings and an application for writ of certiorari to review the legality.R.S. 54:5-100/101."
Pertinent sections of the statute concerning the apportionment of municipal assessments, charges or liens read as follows:
R.S. 54:7-1. "Any municipal assessment, charge or lien against a parcel of real estate may be apportioned among proper subdivisions of the parcel by the governing body of the municipality in which the parcel is located."
R.S. 54:7-3. "The apportionment shall be made on the written application of any person interested, or on motion of the governing body without application, and shall be made according to the values of the respective subdivisions at the time the respective charges were imposed or levied, unless the claim is justly chargeable only to a particular part of the whole parcel."
It is proposed by the complainant that the apportionment must not be made unless there has been a subdivision of ownership of the tract or parcel of real estate. The words of the statute do not seem to necessitate such a narrow construction. True, the reported decisions pertaining to the right to demand apportionment have involved the interests of owners of portions of the land taxed. Weber v. Keller, 117 N.J. Eq. 17;174 Atl. Rep. 893; Wishner v. Nibur Realty Co., 106 N.J. Eq. 337;150 Atl. Rep. 668; Bayonne v. Morris Cummings Dredging Co.,supra. However, the alleged invalidity of the tax which supports the claim for the apportionment or an equitable apportionment of the amount of the tax lien will not be determined by me at present.
In Wishner v. Nibur Realty Co., supra, the Vice-Chancellor did consider and decide an issue concerning an apportionment of taxes. It was resolved in Bayonne v. Morris CummingsDredging Co., supra, that there was an adequate remedy at law. And in the recent case of North Jersey Holding Co. v. Snow,supra, Mr. Justice Case said:
"In view of our conclusion on the whole case it is not necessary to pass upon the jurisdiction of Chancery to proceed on *Page 55 
matters related to the strict statutory declaration: we reserve opinion thereon."
In Weber v. Keller, supra, Mr. Justice Bodine, delivering the opinion of the Court of Errors and Appeals, stated (at p.
18):
"The Court of Chancery held that Keller, desiring to redeem his lots, was entitled to have an apportionment made of the total amount due on the certificates of sale, so that he could obtain redemption of his lots by paying their fair proportion of the taxes for which the property was sold.
"It is apparent from the record that the complainant refused to consent to the apportionment desired. Even if the defendant could have obtained relief in the law court (City of Bayonne v.Morris Cummings Dredging Co., 113 N.J. Eq. 116), still the Court of Chancery will not grant relief to one who will not do equity. To require the owner of part of a parcel of land, desiring to redeem, to pay taxes upon the lands belonging to another in order to redeem his own, would be contrary to all equity and good conscience. Wishner v. Nibur Realty Co.,106 N.J. Eq. 337."
The statute of 1925 is deemed applicable to the present case and the motion to strike the answer is accordingly denied. The counter-claim of the defendants is essentially a bill to foreclose the mortgage to the end that upon such foreclosure the owners of the fee will acquire a right to demand an apportionment of the taxes. In this respect the counter-claim is also defensive in character and inherently a part of the single suit. ParamountInvestment Corp. v. Jessop, 117 N.J. Eq. 8; 174 Atl. Rep. 581.
The motion to strike the counter-claim is likewise denied. Further proceedings in this cause will be stayed in conformity with the directions of the statute.
 Such an order will be advised. *Page 56